Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5148 | **DATE** | 8/27/2010 |
| **CASE TITLE** | Favela vs. Vicari | | |

**DOCKET ENTRY TEXT**

Defendant Vicari and Fabiani's motion to dismiss [27] is granted. Plaintiff's claims against defendants Vicari and Fabiani are dismissed, without prejudice. Plaintiff is ordered to show cause, by affidavit or otherwise, why his remaining claims against the Unknown and Unnamed Stone Park Police Officers should not be dismissed pursuant to Fed. R. Civ. P. 4(m). If plaintiff fails to show cause by noon on 9/7/10, this case will be dismissed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Through counsel, plaintiff filed an amended complaint against defendant police officers Robert Vicari and Ron Fabiani, as well as against unknown and unnamed Stone Park police officers. The amended complaint alleges a claim under 42 U.S.C. § 1983 for excessive use of force (Count I), and a state-law claim of intentional infliction of emotional distress (Count II). Vicari and Fabiani have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

    In considering defendants' motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint, and draws reasonable inferences in plaintiff's favor. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

    Plaintiff's amended complaint alleges, in pertinent part:
6.     On November 11, 2008, Plaintiff was located at or near 1536 North Mannheim Road in Stone Park, Illinois.
7.     At that time and place Vicari, Fabiani and Unknown Officers approached the Plaintiff.
8.     Plaintiff was forcibly restrained and arrested by Vicari, Fabiani and Unknown Officers.
9.     Plaintiff was subjected to unnecessary and unreasonable force.
10.    Plaintiff in no way consented to this.
11.    Plaintiff was driven to the police station where he was imprisoned, and again Plaintiff

        was subjected to unnecessary and unreasonable force resulting in injuries that necessitated Plaintiff being treated at Westlake Hospital.

12.     By reason of the above-described acts and omissions of the Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, suffered great physical pain, mental anguish, disfigurement and emotional pain and suffering . . . .

      The Court finds that these allegations fail to state a claim against Vicari and Fabiani for excessive use of force. The amended complaint does not allege that Vicari and Fabiani did anything more than approach plaintiff and forcibly restrain and arrest him. Plaintiff does not identify who subjected him to "unnecessary and unreasonable force," either during the arrest or at the police station. These allegations are not sufficient to plausibly suggest that plaintiff has a right to relief against Vicari and Fabiani. Therefore, plaintiff's claims against Vicari and Fabiani in Count I are dismissed

      Nor has plaintiff stated a claim against Vicari and Fabiani for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew that there was a high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress. Cook v. Winfrey, 141 F.3d 322, 330 (7th Cir. 1998) (citing Doe v. Calumet City, 641 N.E.2d 498, 506 (Ill. 1994)). "[L]iability [for intentional infliction of emotional distress] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency." Id. at 331 (quoting Public Fin. Corp. v. Davis, 360 N.E.2d 765, 767 (Ill. 1976)). Here, plaintiff does not allege any conduct by anyone that could be considered extreme and outrageous, or that he suffered severe emotional distress. Accordingly, Count II is also dismissed.

*[signature: George W. Lindberg]*