# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5148 | **DATE** | 9/27/2010 |
| **CASE TITLE** | Favela vs. Vicari, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for extension of time [37] is granted. Plaintiff's time to serve all defendants is extended to 11/15/10. Plaintiff's motion for leave to file plaintiff's second amended complaint and leave to issue a subpoena [39] is granted in part and denied in part. Plaintiff is granted leave to issue a subpoena for a photo array of the Stone Park police officers working the evening of 11/15/08, returnable within 28 days of issuance. The motion for leave to file a second amended complaint is denied, without prejudice. The status hearing set for 9/29/10 is reset to 11/17/10 at 10:00 a.m. No court appearance is required on 9/29/10.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On August 21, 2009, plaintiff filed this action under 42 U.S.C. § 1983, naming "Officer Vicari" and various other Stone Park police officers as defendants. Appointed counsel filed an amended complaint on April 7, 2010, naming as defendants Stone Park police officers Robert Vicari and Ron Fabiani, as well as "Unknown and Unnamed Stone Park Police Officers." On August 27, 2010, this Court granted defendants' Vicari and Fabiani's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the claims against them.

The Court also ordered plaintiff to show cause why his remaining claims against the Unknown and Unnamed Stone Park Police Officers should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff has moved for an extension of time to serve the unknown officers; for leave to issue a subpoena for a photo array of Stone Park police officers working on November 15, 2008, in order to identify the unknown officers; and for leave to file a second amended complaint.

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the Court must either dismiss the action against that defendant without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The Court must extend the time for service "if the plaintiff shows good cause for the failure." Id. Even where good cause does not exist, however, "the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996).

Here, plaintiff concedes that he does not have good cause for failing to serve the unknown officer defendants. Nevertheless, plaintiff asks the Court to use its discretion to extend the time in the interest of fairness and justice. Plaintiff explains that he has been unable to identify the unknown officers, and notes that the two-year statute of limitations on his claims will expire on November 15, 2010.

**STATEMENT**

    Although the Court disapproves of plaintiff's lackadaisical attitude toward this litigation, the Court finds that granting a short extension of time is appropriate. Plaintiff is granted until November 15, 2010 to serve all defendants. In addition, plaintiff is granted leave to issue a subpoena for a photo array of the Stone Park police officers working the evening of November 15, 2008, returnable within 28 days of issuance.

    Finally, plaintiff requests leave to file a second amended complaint. According to his motion, based on "illuminating information" recently provided by plaintiff to his attorney, plaintiff seeks to seeks to add "supplemental facts" to support his "claims of excessive force and intentional infliction of emotional distress against Vicari, Fabiani, and Unknown Officers." Plaintiff does not attach his proposed amended complaint to his motion.

    Although leave to amend a complaint should be given "freely," "when justice so requires," see Fed. R. Civ. P. 15(a)(2), the Court need not allow an amendment "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001). Since plaintiff has not submitted his proposed amended complaint, the Court is unable to determine whether any of these factors applies. Accordingly, the motion for leave to file a second amended complaint is denied, without prejudice.

*[signature]*